The FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, a National Banking Association, Appellant,

v.

Cecil PARHAM, County Clerk of Oklahoma County, State of Oklahoma, and all persons duly qualified and acting as Assistant County Clerks of the said Cecil Parham, Appellee.

No. 43447.

Supreme Court of Oklahoma.

Nov. 6, 1973.

Curtis P. Harris, Dist. Atty., D. K. Cunningham, William L. Funk, Asst. Dist. Attys., Oklahoma City, for appellee.

SIMMS, Justice:

Appellant, hereinafter referred to as plaintiff, filed an application for writ of mandamus in the District Court of Oklahoma County asking the court to require the County Clerk to record mortgages made by national banks on real property without requiring payment of any mortgage tax. Both parties appeared and the matter to be considered was submitted on stipulation. The trial court ruled in favor of appellee, hereinafter referred to as "defendant," and allowed the Clerk to continue collecting the mortgage tax.

The stipulation between the parties reads as follows:

"It is hereby stipulated and agreed between the parties that plaintiff is a National Banking Association existing under and by virtue of the laws of the United States of America, with the principal place of business in Oklahoma City, Oklahoma; that the defendant refuses to record mortgages in favor of the plaintiff unless the mortgage tax specified in Title 68, Oklahoma Statutes, Section 1904, has first been paid; that the plaintiff contends it is exempt from the payment of such tax."

The bank contends that 68 O.S.1971, § 2370, enacted under authority of 12 U.S.C. 1969, § 548, sets forth the exclusive method by which national banks in this state can be taxed, and since mortgage taxes are not specified, the bank is exempt from such tax.

Title 12, U.S.C. § 548, effective January 1, 1973, is dispositive of the issue in this case. That statute now provides:

"For the purpose of any tax law enacted under authority of the United States or any State, a national Bank shall be treated as a bank organized and existing under the laws of the State or other jurisdiction within which its principal office

R. C. Jopling, Jr., Fowler, Rucks, Baker, Jopling, Gramlich & Mee, Oklahoma City, Stuart B. Strasner, Oklahoma City, for appellant.

is located." As amended Dec. 24, 1969, Pub.L. 91–156, Sec. 1(a), 2(a), 83 Stat. 434.

Subsequent to this statute becoming effective, the parties were allowed to brief the applicability of the statute to the instant case.

In his supplemental brief, plaintiff contends that the amended statute does not supersede 68 O.S. 1971, § 2370, which provides in part:

"A. In lieu of the tax levied by Section 5 of this act, every national banking association located or doing business within the limits of the State of Oklahoma shall annually pay to this state a tax according to, or measured by, its entire net income for its taxable year at the rate of four percent (4%) of the amount of the net income as herein provided."

"B. The tax levied by this section shall be exclusive and in lieu of all taxes levied by the State of Oklahoma, or any subdivision thereof, on the property of any association liable to tax hereunder; provided, that nothing in this section shall be construed to exempt the real property of national banking associations from taxation to the same extent, according to its value, as other real property is taxed. * * *"

The foregoing statute was passed in strict compliance with 12 U.S.C. 1969, § 548, Pub.L. 91–156, Sec. 1(a), 83 Stat. 434, before it was amended, effective January 1, 1973. Prior to its amendment, the federal statute allowed the individual states to elect one of four methods in which national banks in their respective states would be taxed. The former federal statute further provided that the method chosen by the state would be in lieu of all other taxes, except taxes on the real property owned by the banks. Therefore, prior to the 1973 amendment of 12 U.S.C. § 548, the argument was whether the mortgage tax was a tax on real property. That question is no longer before us.

The question is whether 68 O.S. 1971, § 2370 applies to prohibit the county clerk from levying the mortgage tax required to be paid under 68 O.S. 1971, § 1904.

The bank contends that 12 U.S.C. § 548, as amended, effective January 1, 1973, does not prohibit the state from taxing national banks under the method of taxation chosen when the former federal statute was in effect. We are unable to agree with that contention.

The language of the newly amended federal statute is mandatory in nature in that it expressly requires that for the purpose of tax laws enacted by the various states ". . . a national bank shall be treated as a bank organized and existing under the laws of the State or other jurisdiction within which its principal office is located."

In the report of the Senate Banking and Currency Committee, Report No. 91–530, Nov. 12, 1969, U.S. Code Cong. & Admin. News, 1969, pp. 1594, 1599, it was stated what the probable effect of the amendment would be:

"1. H.R. 7491: In one immense, immediate move this bill would treat national banks as State banks for the purposes of State taxation, which would have the substantial disadvantages of—

(a) Destroying State taxation statutes which refer to the Federal statute (Sec. 5219) for authorization."

Thus, it was recognized that the amendment would have the effect of destroying the in lieu tax whereby the states chose the method of taxing national banks. Under the amendment, national banks are treated the same as state banks for tax purposes. Because the language of the amendment is mandatory, the states have no other option, but to treat national banks the same as state banks for tax purposes. The mortgage tax must be paid by national banks just as it is paid by state banks.

Trial Court affirmed.

WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES, and DOOLIN, JJ., concur.