Dear Honorable Randle,
The Attorney General has received your requests for an official opinion asking, in effect:
 Does 68 O.S. 2370 (1984) exempt state chartered banks or credit unions from payment of ad valorem taxes on real property?
Title 68 O.S. 2370 (1984) outlines the general taxing scheme for banks and credit unions organized, located or doing business in Oklahoma. The statute provides for a tax at the rate of four percent (4%) of the amount of taxable income of these entities and, at subsection B, states in pertinent part:
 "The tax levied by this section shall be exclusive and in lieu of all taxes except the taxes provided for in Sections 1201 et seq. of this title, levied by the State of Oklahoma, or any subdivision thereof, on the property of any association liable to tax here under; provided, that nothing in this section shall be construed to exempt the real property of national banking associations from taxation to the same extent, according to its value, as other real property is taxed." (Emphasis added).
Section B, thus, on its face, appears to require payment of ad valorem taxes only upon the real property owned by national banking institutions located in this State. Your question arises in part because under the provisions of federal law, tax discrimination against national banks is prohibited. At 12 U.S.C.A. 548, Congress provided that for purposes of taxes enacted under the authority of a state, national banks shall be treated in the same manner as banks organized and existing under state law:
 "For the purposes of any tax law enacted under authority of the United States or any State, a national bank shall be treated as a bank organized and existing under the laws of the State or other jurisdiction within which its principle office is located."
Moreover, under the Supremacy Clause of the United States Constitution, states are bound to follow the federal law. In FirstNational Bank T. Co. of Oklahoma City v. Parham, 515 P.2d 1374 (Okla. 1973), the Oklahoma Supreme Court had occasion to interpret the provisions of the above-quoted federal statute, 12 U.S.C.A. 548. In determining what effect the newly amended federal statute had upon the State's power to tax, the court found that it had no choice but to treat national banks in the same manner as state banks, holding:
 "Because the language of the amendment is mandatory, the states have no other option, but to treat national banks the same as state banks for tax purposes." 515 P.2d at 1376.
In Parham, the plaintiff, a national bank, sought a writ of mandamus against a county clerk to require the clerk to record mortgages filed by the national bank without requiring the bank to pay a mortgage tax. The plaintiff relied upon a predecessor to the current statute, 68 O.S. 2370
(1971), which provided for a 4 percent income tax which "shall be exclusive and in lieu of all taxes levied" by the State or its political subdivisions, except real property taxes. 515 P.2d at 1376. The Court held that even though Section 68 O.S. 2370 was silent as to the mortgage tax liability of national banks, states must treat national banks the same as state banks. Thus, the "mortgage tax must be paid by national banks just as it is by state banks." 515 P.2d at 1376.
This analysis, as applied to the question you raise, requires the conclusion that the facially discriminatory tax treatment of national banks described in Section 68 O.S. 2370(B) must yield to the clear mandate of 12 U.S.C.A. 548 as applied by the Oklahoma Supreme Court in the Parham case. State banks and credit unions may not be exempted from legislative tax liabilities imposed upon national banks.
It is, therefore, the official opinion of the Attorney General thatsince the operation of 68 O.S. 2370(B) (1984) is controlled by12 U.S.C.A. 548, the real property of state banking associations and creditunions must be taxed to the same extent according to its value as otherreal property is taxed.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
SUSAN B. AGOSTA, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, LEGAL SERVICES
NED BASTOW, ASSISTANT ATTORNEY GENERAL